**SANTOS OIL COMPANY et al., Appellants,**

v.

**Mrs. Antonia LERMA et al., Appellees.**

No. 14720.

Court of Civil Appeals of Texas.

San Antonio.

March 26, 1969.

Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellants.

Utter & Chase, Corpus Christi, Nago L. Alaniz, San Diego, for appellees.

CADENA, Justice.

Santos Oil Company, a Texas corporation, and Jose Vasquez, defendants below, appeal from an order of the District Court of Duval County overruling their plea of privilege to be sued in Webb County, their domiciliary county.

Plaintiffs, Mrs. Antonia Lerma, Olivia Rosas, individually and as next friend of her minor daughter, Dolores Rosas, and Lydia S. Garza, seek to recover for personal injuries resulting from the negligence of defendant Jose Vasquez, agent and employee of Santos Oil Company. Since the alleged act of negligence is asserted to have occurred in Duval County, plaintiffs seek

to maintain venue there under subdivision 9a of our venue statute.[1]

Plaintiffs incurred their injuries when an automobile driven by Servando Medellin, in which plaintiffs were passengers, was involved in a collision, about four miles west of San Diego, in Duval County, with an oil truck being operated by defendant Vasquez. The jury found that the collision was proximately caused by the negligence of Vasquez in operating his vehicle on the left-hand side of the road.

Defendants here contend that there was no evidence to sustain the finding of negligence or, in the alternative, that the evidence was insufficient to support such finding.

Since Vasquez testified that he was on the right-hand side of the road at the time of the collision, the finding of the jury must be based on the testimony of the driver of the automobile in which plaintiffs were riding, Servando Medellin, and on the evidence given by Olivia Rosas and Lydia S. Garza.

Although Medellin, Olivia Rosas and Lydia Garza each testified that, at the time of the accident, Vasquez was operating his truck on the left-hand side of the highway, defendants assert that their testimony, when viewed in its entirety, lacks probative force because none of the witnesses knew the position of either the Medellin or Vasquez vehicle immediately prior to, or at the time of, the collision.

The collision occurred at about 1:00 A.M. on February 15, 1966. All of the witnesses agreed that it was a rainy and foggy night and that visibility was poor. Medellin testified that, just before the collision, he attempted to activate the defrosting switch on his vehicle because all of the windows had begun to fog up. He had only used the defrosting switch once before during the time that he owned the car and was not too familiar with its location. He pulled his car to the right side of the highway, reducing his speed slightly from the 60–65 mph rate at which he had been driving. He removed his right hand from the steering wheel and, continuing to steer with his left hand, bent down to search for the correct switch. He never saw the Santos Oil Company truck. While he was still looking for the switch, one of his passengers yelled and he looked up just as the accident occurred. He did not have time to turn the steering wheel or apply his brakes. As a matter of fact, when he looked up the front end of the truck had already passed him, and his vehicle struck the oil truck behind the cab.

Although Medellin stated that he was on the right-hand shoulder before he started looking for the switch, he testified that he did not know how far his vehicle travelled during his search and that he did not know where his car was at the time of the collision because he was not looking at the road. He did not know whether his vehicle had turned to the left after he started to look for the switch. Finally, he testified that he had no idea "where the two vehicles struck as far as on your side of the road or the truck's side of the road."

Mrs. Rosas was riding in the back seat of the Medellin vehicle. Prior to the accident, she saw the lights of the approaching truck. She noticed that Medellin was not looking at the road, but was looking down, and she yelled at him. Her testimony on direct examination was to the effect that Medellin was on his right side of the road, and that the truck seemed to be coming across the center stripe toward them.

In other portions of her testimony Mrs. Rosas said that the accident occurred so

1. Tex.Rev.Civ.Stat.Ann., Article 1995: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * * 9a. Negligence.—A suit based upon negligence * * * may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. * * *"

quickly that she could not tell whether the truck was on one side or the other of the center stripe. Because of the poor visibility, she could not see the pavement. Concerning the location of the truck on the highway, she said she "couldn't tell whether it was on the shoulder or in the middle or where it was." She did not know where either vehicle was on the road, and could only say that the truck and the automobile were approaching each other.

Lydia Garza was sitting in the back seat of the Medellin car, behind the driver. When she saw lights approaching them and noticed that Medellin had bent down, she warned him of the danger. On direct examination she testified that Medellin was "on the right side" of the road.

She could not see the center stripe, and her testimony that the truck was on the wrong side of the highway was based on the fact that the lights of the truck were directly in front of the Medellin vehicle. She did not know whether Medellin's car was on the wrong side of the road or not at the time of the collision.

It is apparent that these three witnesses, although they did state that the oil truck was on the wrong side of the road, did not know the location of either vehicle, with reference to the center stripe of the highway. Medellin's testimony makes it clear that he did not know where on the road the vehicles collided. He went to the scene of the accident a few days later but was unable to determine the point of impact. Mrs. Rosas only knew that, just before the impact, the two vehicles were approaching each other. The testimony of Lydia Garza likewise shows a lack of knowledge of the location of the vehicles.

■ However positively a witness may state that a vehicle was on the left or right-hand side of the road, such testimony loses its probative force when the witness admits that he could not see the road, could not see the center stripe, and does not know where the vehicle was. All of the evidence relied on by plaintiffs to maintain venue in Duval County was elicited from witnesses who admitted they did not know the facts.

■ Under these circumstances, the evidence offered in support of the allegation that the truck was being operated on the left-hand side of the highway is "so weak that it raised only a surmise or suspicion of the existence of a fact sought to be established." Such evidence "in legal contemplation is 'no evidence' and will not support a finding which comprehends the existence of the disputed fact." Houston Fire & Casualty Ins. Co. v. Biber, 146 S.W.2d 442, 446 (Tex.Civ.App.—San Antonio 1940, writ dism'd, j. c.). Cf. Markusfeld v. Zahn, 99 S.W.2d 438 (Tex. Civ.App.—San Antonio 1936, writ dism'd).

The judgment of the trial court is reversed and the cause is remanded with instructions that the case be transferred to Webb County.